IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COURTLAND WAYNE KING | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-12-CV-1560-P |
| | § | |
| COORDINATOR LARA, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Courtland Wayne King, an inmate in the Dallas County Jail, against two jail employees. On May 17, 2012, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Two sets of written interrogatories were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on May 31, 2012 and June 15, 2012. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

Plaintiff generally alleges that he has been denied access to the law library during his six-month incarceration in Dallas County Jail. (*See* Plf. Compl. at 4, ¶ V; Mag. J. 1st Interrog. #1(c)). According to plaintiff, two jail employees would not let him go to the library to research statutes and case law related to a pending criminal case. (*See* Mag. J. 2d Interrog. #1(b)). As a result, plaintiff states that he "could not check and make sure my attorney was giving me the right information on the criminal process[,]" and was prevented from filing unspecified *pro se* motions. (*Id.*). By this suit, plaintiff seeks more than $10,000 in damages and injunctive relief. (*See* Mag. J. 1st Interrog. #2).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

   (i)  is frivolous or malicious;

   (ii)  fails to state a claim on which relief may be granted; or

   (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain

detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

A claim alleging denial of access to a jail law library must be analyzed under the more general right of access to the courts, which "is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Wolff v. McDonnell*, 418 U.S. 539, 579, 94 S.Ct. 2963, 2986, 41 L.Ed.2d 935 (1974). The right of access to the courts is also recognized as one aspect of the First Amendment right to petition the government for grievances. *See California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510, 92 S.Ct. 609, 612, 30 L.Ed.2d 642 (1972); *Taylor v. Sterrett*, 532 F.2d 462, 470-72 (5th Cir. 1976). However, no court has ever extended this right beyond the ability to prepare and transmit necessary legal documents. *See Wolff*, 94 S.Ct. at 2984; *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 1081 (1994).

In his interrogatory answers, plaintiff states that he could not research the law related to his pending criminal case, which prevented him from filing unspecified *pro se* motions and verifying the advice given by his lawyer. (*See* Mag. J. 2nd Interrog. #1(b)). However, an inmate who is represented by counsel in an ongoing criminal proceeding has no constitutional right of access to a law library in connection with that proceeding. *See Griffin v. Valdez*, No. 3-08-CV-1237-P, 2008 WL 4491052 at *3 (N.D. Tex. Oct. 1, 2008) (citing cases). By his own admission, plaintiff was

represented by counsel throughout his criminal case. (*See* Mag. J. 2nd Interrog. #1(a)). Consequently, he has failed to state a claim for denial of access to the courts.

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 20, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE